IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MARQUIS DAVIS,<br>    Plaintiff,<br><br>v.<br><br>LATOYA HUGHES, *et al.*,<br>    Defendants. | Case No. 3:25-cv-03292-JEH |

**Merit Review Order**

Plaintiff Marquis Davis, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Western Illinois Correctional Center ("Western"). (Doc. 1). This case is before the Court for a merit review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A.

I

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II

During the relevant period, Plaintiff was incarcerated at Western. Plaintiff files suit against Illinois Department of Corrections ("IDOC") Director Latoya Hughes, Warden Brittany Greene, Correctional Officer Jonathan P., Internal Affairs Sergeant Rich Miller, Sergeant Wessell, and Gasko (Internal Affairs).

Plaintiff alleges inmate Mark Anderson hit him in the back of the head at approximately 10:22 a.m. on December 22, 2024. Plaintiff fell to the ground, and inmate Anderson continued to assault him. During this time, Defendants Jonathan and Miller were supervising chow lines, responded to the incident, and found Plaintiff lying face down and unconscious on the ground. Plaintiff alleges Defendants Jonathan and Miller failed to protect him from inmate Anderson.

Plaintiff alleges Defendant Wessell ran out of the chow hall with an object in his hand, smashed Plaintiff's face into the ground, and sprayed mace in Plaintiff's face. Plaintiff alleges he was lying face down on the ground and was not resisting or combative. Plaintiff alleges Defendants Jonathan and Miller, who were present, did not intervene. Plaintiff claims the IDOC and Western knew Defendant Wessell was incompetent, had a mental health problem, and anger management issues.

Plaintiff alleges he sustained gashes on his face and a black eye. Plaintiff received medical treatment for his injuries at Culbertson Memorial Hospital in Rushville, Illinois. Plaintiff underwent an MRI, which revealed a bulging disc in his lower back.

Plaintiff alleges he filed an administrative grievance about the incident. Plaintiff claims Defendants Greene, Miller, and Gasko retaliated against him by placing him in segregation. When Plaintiff was released from segregation on January 1, 2025, Defendants further retaliated against him by placing him around inmate Anderson.

On January 30, 2025, Defendant Gasko allegedly manipulated Plaintiff into signing a "deceptive" contract about the incident and did not allow Plaintiff to review the video footage. (Doc. 1 at p. 15).

### III

Plaintiff alleges he was attacked by inmate Anderson on December 22, 2024. When Defendants Jonathan and Miller arrived at the scene, they found Plaintiff lying unconscious and face down on the ground. Shortly thereafter, Defendant Wessell arrived and allegedly smashed Plaintiff's face into the ground and sprayed him in the face with mace, even though Plaintiff was not resisting.

To plead a claim that prison officials violated his Eighth Amendment rights by failing to protect him from an attack, Plaintiff must allege facts suggesting that the officials were deliberately indifferent to his safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 839-40 (1994). But because "prisons are dangerous places" and guards lack "control over crowding and other systemic circumstances," *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004), "failure to provide protection constitutes an Eighth Amendment violation only if deliberate indifference by prison officials to a prisoner's welfare 'effectively condones the attack by allowing it to happen.' . . . [This means that the plaintiff] had to allege facts sufficient to show 'that the defendants had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it.'" *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (quoting *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997)).

The Court notes a failure to intervene claim can be distinct from a failure to protect claim. *Dwyer v. Neal*, 2022 WL 462017, at *23 (N.D. Ind. Feb. 15, 2022). Prison officials have a duty to "take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984); *see also Mayoral*, 245 F.3d at 938. Therefore, to state a failure to protect claim, a plaintiff-inmate must

3

claim (1) "he is incarcerated under conditions posing a substantial risk of serious harm," and (2) defendant-officials acted with "deliberate indifference" to that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). On the other hand, an officer may be liable for a failure to intervene claim "if any constitutional violation has been committed by a law enforcement official; and the officer had a realistic opportunity to intervene to prevent the harm from occurring." *Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir. 2005) (quotation marks and citations omitted).

Plaintiff fails to allege a failure to protect claim against Defendants Jonathan and Miller because Plaintiff did not allege that Defendants were aware inmate Anderson or Defendant Wessell posed a threat or would attack Plaintiff. The Court finds Plaintiff's allegations are sufficient to proceed on an Eighth Amendment failure to intervene claim against Defendants Jonathan and Miller for allegedly failing to intervene when Defendant Wessell smashed Plaintiff's face into the ground and sprayed him with mace. Plaintiff's fails to state a failure to intervene claim against Defendants Jonathan, Miller, and Wessel regarding inmate Anderson's attack because Plaintiff does not allege that the brawl was ongoing when Defendants Jonathan, Miller, and Wessel arrived at the scene.

Next, Plaintiff alleges Defendant Wessell smashed his face into the ground and sprayed him in the face with mace while Plaintiff was unconscious and not resisting. To allege a claim of excessive force, Plaintiff must show that the force was applied maliciously and sadistically, not in a good faith effort to maintain or restore discipline. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). This is so, as prison officials considering the use of force must balance the threat presented to inmates and prison officials against the possible harm to the inmate against whom the force is to be used. *Id.* at 320. "[W]hile a plaintiff need not demonstrate a significant injury to state a claim for excessive force under the Eighth Amendment, 'a claim

4

ordinarily cannot be predicated on a *de minimis* use of physical force.'" *Outlaw v. Newkirk*, 259 F.3d 833, 837–38 (7th Cir. 2001) (internal citations omitted). The Court must balance the amount of the force used against the need for the force. If no force is necessary, even *de minimis* force may not be used. *Reid v. Melvin*, 695 F. App'x 982, 983-84 (7th Cir. 2017). The Court finds Plaintiff's allegations are sufficient to proceed on an Eighth Amendment excessive force claim against Defendant Wessell.

Plaintiff alleges he filed an administrative grievance about the incident involving Defendant Wessell on December 22, 2024. Plaintiff claims Defendants Greene, Miller, and Gasko retaliated against him by disciplining him and placing him in segregation. When Plaintiff was released from segregation on January 1, 2025, Defendants further retaliated against him by placing him around inmate Anderson. Prisoners have a protected First Amendment right to file grievances. *Dobbey v. Illinois Dep't of Corr.*, 574 F.3d 443, 446 (7th Cir. 2009). A prisoner may not be disciplined for filing a grievance, as "[a]n act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). To establish First Amendment retaliation, Plaintiff must successfully allege that (1) his speech was constitutionally protected, (2) he suffered a deprivation likely to deter free speech, and (3) his speech was at least a motivating factor in the [defendant's] action. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). Based on his allegations, the Court finds Plaintiff has stated a First Amendment retaliation claim against Defendants Greene, Miller, and Gasko.

Plaintiff also alleges Defendant Gasko manipulated him into signing a "deceptive" contract about the incident and did not allow him to review video footage of the incident. (Doc. 1 at pp. 14-15). Plaintiff's sparse allegations regarding Defendant Gasko's involvement with the contract and video footage are unclear and fail to state a claim.

Regarding Defendant IDOC Director Hughes, there is no *respondeat superior* under § 1983. In other words, Defendants Hughes cannot be liable solely based on her supervisory role. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc). If prison officials are named, they must be named in their individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Plaintiff did not include any specific allegations to demonstrate that Defendant Hughes was personally involved in any constitutional deprivation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Defendant Hughes is not liable for the alleged misconduct of IDOC staff members. Defendant Hughes is dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

**IT IS THEREFORE ORDERED:**

1)     According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff alleged sufficient facts to proceed on the following claims: (1) an Eighth Amendment excessive force claim against Defendant Wessell for allegedly smashing Plaintiff's face into the ground and spraying him in the face with mace on December 22, 2024; (2) an Eighth Amendment failure to intervene claim against Defendants Jonathan and Rich Miller for allegedly failing to intervene when Defendant Wessell used excessive force against Plaintiff on December 22, 2024; and (3) a First Amendment retaliation claim against Defendants Brittany Greene, Rich Miller, and Gasko for allegedly disciplining Plaintiff and placing him in segregation for filing an administrative grievance about the incident on December 22, 2024, and for placing him near inmate

Anderson when he was released from segregation on January 1, 2025. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

    2)      Defendant Latoya Hughes is DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Clerk is directed to TERMINATE Defendant Latoya Hughes.

    3)      Plaintiff's Motion for Status Request [9] is MOOT.

    4)      This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

    5)      The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

    6)      Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' position. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this

Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

7) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) Defendants' counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendants' counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court

of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11) Plaintiff shall be provided a copy of all pertinent medical records upon request.

12) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: December 18, 2025

<u>s/Jonathan E. Hawley</u>
U.S. District Judge